IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
In re:                                       :   Chapter 15
                                             :
IRISH BANK RESOLUTION CORPORATION            :   Case No. 13-12159 (CSS)
LIMITED (IN SPECIAL LIQUIDATION),            :
                                             :   Related Docket Nos. 3, 7, 143
         Debtor in a foreign                 :
         proceeding.                         :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### ORDER GRANTING RECOGNITION OF FOREIGN
### MAIN PROCEEDING AND RELATED RELIEF*

This matter having come before the Court upon the (i) Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (the "**Petition for Recognition**"), (ii) the Declaration of Kieran Wallace in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (the "**Wallace Declaration**"), (iii) the Supplemental Declaration of Kieran Wallace in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (the "**Supplemental Wallace Declaration**"), (iv) the Declaration of Mark Traynor in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (the "**Traynor Declaration**"), (v) the Supplemental Declaration of Mark Traynor in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (the "**Supplemental Traynor Declaration**"), and (vi) the Memorandum of Law in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (the "**Memorandum or Law**" and, together with the Petition for Recognition, the Wallace Declaration, the Supplemental Wallace Declaration, the Traynor Declaration, the Supplemental Traynor Declaration, and the Debtor's form chapter 15 petition, the "**IBRC Chapter 15**

---

* As set forth in open court on December 18, 2013, in compliance with 11 U.S.C. §1517(c), the Court is issuing this order "at the earliest possible time" and, as a result, this order is subject to subsequent entry of an order and/or opinion that will set forth in detail the factual and legal reasons for the Court's ruling.

Petition"),[1] each filed by or on behalf of Kieran Wallace and Eamon Richardson (together, the "**Foreign Representatives**" or "**Special Liquidators**," each a "**Foreign Representative**" or "**Special Liquidator**"), the duly appointed foreign representatives of the Irish Bank Resolution Corporation Limited ("**IBRC**" or the "**Debtor**"), an Irish incorporated company and a debtor in a liquidation proceeding (the "**Irish Proceeding**") under Irish law; the Irish Minister for Finance (the "**Finance Minister**") having commenced the Irish Proceeding by issuing a special liquidation order (the "**Special Liquidation Order**") pursuant to the Irish Bank Resolution Corporation Act 2013 enacted on February 7, 2013 by the Irish Parliament; this Court having reviewed and considered the IBRC Chapter 15 Petition; due and timely notice having been given pursuant to the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), which notice is deemed adequate and proper for all purposes so that no other or further notice need be given; any and all objections or other responses having been filed thereto have been overruled, withdrawn or otherwise resolved; and all interested parties having had due and proper notice and an opportunity to be heard, and after due consideration and good cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

        A.    This Court has jurisdiction to consider the IBRC Chapter 15 Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and sections 109 and 1501 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"). This is a core

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the IBRC Chapter 15 Petition.

proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

B. This case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

C. The IBRC Chapter 15 Petition satisfies section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

D. The Irish Proceeding is entitled to recognition by this Court pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

E. The Irish Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

F. The Irish Proceeding is pending in Ireland, which is where IBRC's center of main interests is located and, therefore, is entitled to recognition as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

G. Each of Kieran Wallace and Eamonn Richardson is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of IBRC as defined in section 101(24) of the Bankruptcy Code.

H. The Foreign Representatives are entitled to application of all of the provisions of section 1520 of the Bankruptcy Code immediately upon entry of this Order.

I. The relief sought in the IBRC Chapter 15 Petition is necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code, to protect IBRC and its creditors and is not manifestly contrary to the public policy of the United States, as contemplated by section 1506 of the Bankruptcy Code.

J. Good, sufficient, appropriate and timely notice of the filing of the Chapter 15 Petition and the hearing on the Chapter 15 Petition has been given by the Foreign Representatives, pursuant to Bankruptcy Rules 1011(b) and 2002(q) to: (i) IBRC; (ii) all persons or bodies authorized to administer foreign proceedings of IBRC; (iii) all parties to litigation pending in the United States in which IBRC is party at the time of the filing of the Chapter 15 Petition; (iv) the United States Trustee; (v) all other known parties located in the United States who claim interests in or liens upon the assets owned by IBRC in the United States; and (vi) such other entities as the Court may direct.

K. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved, except as otherwise specifically stated herein.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Irish Proceeding is granted recognition as a foreign main proceeding pursuant to sections 101(23) and 1517 of the Bankruptcy Code. All objections to the IBRC Chapter 15 Petition, to the extent not withdrawn, are hereby overruled.

2. Each of the Foreign Representatives is recognized as a duly appointed foreign representative of IBRC within the meaning of section 101(24) of the Bankruptcy Code.

3. The provisions of section 1520 of the Bankruptcy Code shall be effective immediately upon the entry of this Order, and IBRC and IBRC Property (as defined herein) shall have the protections afforded by sections 1520 and 362 of the Bankruptcy Code to the maximum extent permitted by law.

4. For the avoidance of doubt, section 363 of the Bankruptcy Code applies to any sale by the Foreign Representatives of assets of the Debtor that are within the territorial jurisdiction of the United States, and all parties in interest reserve all rights to oppose any such sale.

5. The Foreign Representatives and IBRC have reserved all rights to seek relief under section 1521 of the Bankruptcy Code, additional assistance under section 1507 of the Bankruptcy Code or any other relief otherwise available. The Foreign Representatives are granted leave to apply to this Court as necessary for additional relief under sections 1507 and 1521 of the Bankruptcy Code, or for any other relief otherwise available.

6. Upon this Order, all entities (as defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representatives and their expressly authorized representatives and agents, to the extent that they have not been stayed under section 1520(a), are hereby enjoined and restrained from:

 (a) executing against any of IBRC's assets, rights, obligations, or liabilities, or the proceeds thereof that is located within the territorial jurisdiction of the United States (the "**IBRC Property**");

 (b) commencing or continuing, including the issuance or employment of process, of any judicial, administrative, or any other action or proceeding involving or against IBRC Property, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award (including by way of counterclaim), against IBRC or IBRC Property;

 (c) taking or continuing any act to create, perfect or enforce any lien or security interest, set-off or other claim against IBRC or any of the IBRC Property;

(d) transferring, relinquishing or disposing of any of the IBRC Property to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representatives;

(e) taking or continuing any act to collect, assess, or recover a claim against the IBRC Property; and

(f) announcing, declaring or considering the filing of the IBRC Chapter 15 Petition or this chapter 15 case a default or event of default under any agreement, contract or arrangement;

provided, however, in each case, such injunction shall be effective solely within the territorial jurisdiction of the United States.

7. The Foreign Representatives and IBRC shall continue to preserve books and records of IBRC with respect to any assets of IBRC within the territorial jurisdiction of the United States, including, but not limited to, any documents pertaining to loans made to all of the Flynn Plaintiffs as defined in Docket No. 34 and any interest charges thereon.

8. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The Foreign Representatives, IBRC and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules.

10. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding against any party to the extent set forth in sections 362(b) and 1519(d) of the Bankruptcy Code.

11. Neither the filing of the Verified Petition under section 1515 of the Bankruptcy Code nor appearances pursuant to sections 303 and 305 of the Bankruptcy Code shall subject the

Foreign Representatives to the jurisdiction of any court in the United States for any other purpose, consistent with sections 306 and 1510 of the Bankruptcy Code.

12. Notice of this Court's entry of this Order, along with a copy of this Order, shall be served by United States Postal Service first-class postage prepaid mail, within three (3) business days of the entry of this Provisional Order, upon: (i) the United States Trustee; (ii) all known parties located in the United States who claim interests in or liens upon the assets owned by IBRC in the United States; and (iii) all parties who have requested notice. Service of the Order in accordance with this paragraph shall constitute due and sufficient notice of the Order and any relief granted by this Court herein.

13. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversarial proceeding brought in and through this chapter 15 case and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: December 18, 2013
Wilmington, Delaware

By: _____
Christopher S. Sontchi
UNITED STATES BANKRUPTCY JUDGE